## Case No. 10,410.

### The OCEAN QUEEN.

[5 Blatchf. 493.] [1]

Circuit Court, S. D. New York. Sept. 18, 1867. [2]

COLLISION—MEASURE OF DAMAGES—VALUE OF CARGO.

The rule for damages for the loss of cargo by a collision, is not the market value of the cargo at the port of destination, or any general increased market value thereof that took place between the time of the shipment and the time of the collision. The proper rule is the value of the cargo at the port of shipment, and all expenses of lading it on board and transporting it to the place of collision, and interest at the rate of six per cent. per annum from the time of the collision.

[Cited in The Mary J. Vaughan, Case No. 9,-217; The Baltic, Id. 824; The Aleppo, Id. 158; Dyer v. National Steam-Nav. Co., Id. 4,225.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, by the owners of the schooner J. L. Darling, and the owners of her cargo, against the steamship Ocean Queen, to recover damages for a collision which occurred between the two vessels at a little after eight o'clock, p. m., on the 12th of January, 1863, some eight or nine miles off, and southward of, Barnegat light. The steamship was on her way down the coast, on a voyage from New York to Aspinwall. The schooner was on her way from Baltimore to Providence, Rhode Island. The district court decreed for the libellants [Case No. 10,408a], and the claimants appealed to this court.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 10,408a.]

Joseph H. Choate, for libellants.
Charles A. Rapallo, for claimants.

[NOTE. Subsequently claimant applied for an order that a commission issue to examine certain witnesses, depositions to be used on appeal. Case No. 10,411. An appeal was taken to the supreme court by Cornelius Vanderbilt on November 25. 1867. The appeal was dismissed by stipulation of counsel, May 18, 1868, under Sup. Ct. Rule 29.]

---

## Case No. 10,411.

### The OCEAN QUEEN.

[6 Blatchf. 24.] [1]

Circuit Court, S. D. New York. Jan. 6, 1868.

APPEAL IN ADMIRALTY — COMMISSION TO TAKE TESTIMONY—TWELFTH RULE OF SUPREME COURT.

1. After an appeal has been duly taken from the decree of this court to the supreme court, by the claimant, in an admiralty suit, in rem, this court will not, on the application of the claimant, under the twelfth rule of the supreme court, order that a commission issue to examine witnesses who are named, so that their depositions may be made available to the claimant on the appeal, although he has prayed, in his petition of appeal, that the cause may be tried anew in the supreme court, as well upon the proceedings and evidence in the courts below, as upon such further depositions and evidence as the claimant may present to the supreme court.

2. The twelfth rule of the supreme court explained.

3. Under that rule, it is for the supreme court to decide, on a motion to be made to it. whether the evidence sought to be taken will be admissible in the case. before a commission can be issued by this court.

[Cited in Sorensen v. Keyser, 2 C. C. A. 92, 51 Fed. 32.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was an application, on the part of the claimant in an admiralty suit, in rem, for an order that a commission issue, pursuant to the practice of the supreme court of the United States, to examine certain witnesses, who were named, so that the depositions of such witnesses might be made available to the claimant on an appeal which he had taken to the supreme court, from the decree made by this court in the cause. It was stated in the affidavit on which the application was founded, that the claimant had "duly appealed" to the supreme court, and had prayed, in his petition of appeal, that the cause might be tried anew in the supreme court, as well upon the proceedings and evidence in the courts below, as upon such further depositions or evidence as the claimant might present to the supreme court, according to the course and practice thereof; and that the desired proofs were very material and necessary to the claimant upon the appeal. The libel was filed in the district court for this district, to recover damages for a collision on the high seas. The district court decreed for the libellant [Case No. 10,408a], and this court, on appeal, affirmed the decree [Id. 10,410].

William M. Evarts and Joseph H. Choate, for libellant.

Charles A. Rapallo, for claimant.

BLATCHFORD, District Judge. This application is sought to be maintained under the twelfth rule of the supreme court, which is as follows: "(1) In all cases where further proof is ordered by the court, the depositions which shall be taken shall be by a commission to be issued from this court, or from any circuit court of the United States. (2) In all cases of admiralty and maritime jurisdiction, where new evidence shall be admissible in this court, the evidence by testimony of witnesses shall be taken under a commission, to be issued from this court, or from any circuit court of the United States, under the direction of any judge thereof; and no such commission shall issue but upon interrogatories, to be filed by the party applying for the commission, and notice to the opposite party, or his agent or attorney, accompanied with a copy of the interrogatories so filed, to file cross-interrogatories within twenty days from the service of such notice; provided, however, that nothing in this rule shall prevent any party from giving oral testimony, in open court, in cases where, by law, it is admissible." This case, having been removed into the supreme court by appeal, this court has no longer any general jurisdiction over it. Any power which this court has to grant the application in question, must be derived from some special authority conferred upon it. The twelfth rule of the supreme court is the only authority that is invoked. Under that rule, this court has more authority to issue a commission than any other circuit court. The permission is general, and confers authority, in given cases, upon any circuit court. The purport of the rule would seem to be, that the commission is to issue from the circuit court having jurisdiction where the witnesses are to be found, so that the attendance of the witnesses may be enforced by subpoena, under section 1 of the act of January 24, 1827 (4 Stat. 197). In the present case, it is not shown where the witnesses reside or are to be found, nor is it shown that any order has been made by the supreme court for further proof in the case. The authority of this court, if the witnesses are within reach of its process, must, under the twelfth rule, rest solely upon the fact, that this is a case of admiralty and maritime jurisdiction, and that new evidence in it is admissible in the supreme court. But this court cannot determine whether such new evidence is admissible. The case being in the supreme court, it is for that court to determine as to the admissibility of the new evidence. There is no reported decision, as to the proper practice under the twelfth rule, in a case like this. The claimant insists that he has a right to the commission, leaving it to the supreme court, when the depositions are presented to it, to say whether the evidence shall or shall not be admitted; and that, as he has, in his petition of appeal, prayed for a trial in the supreme court, on the evidence below, and on new evidence to be taken, the case is thus brought within the class of cases mentioned in the second subdivision of the twelfth rule, where new evidence is admissible in the supreme court. The question is one not entirely clear, but I think the safer course is to deny the application, on the ground that it is for the supreme court to decide, on a motion to be made to it, whether the evidence sought to be taken will be admissible in the case, before a commission can be issued. If I should grant the application, and the supreme court should hold that the circuit court was without authority to do so, the claimant might suffer serious prejudice; whereas, if he now applies to the supreme court, and shows that an application to this court has been refused on the ground stated, the practice under the rule will be settled by the supreme court, and the claimant will not be liable to suffer any prejudice from an error in practice.

The motion is denied.